# CASE *v.* MURPHEY.

---

TRADEMARKS; APPEALS.

1. Whether a mark can be registered as a valid trademark because of its character and use will not be considered by this court on an appeal from a decision of the Commissioner of Patents in an interference proceeding between rival applicants for registration of the mark.

2. In a trademark-interference case involving the question of the prior use of the word "Eureka" as a trademark for pressing boards, as between a firm manufacturing pressing boards, and a firm dealing in mill supplies including pressing boards, which claimed to have ordered from such manufacturers a very high-class board to which they gave the

name of "Eureka," a decision of the Commissioner of Patents was *affirmed* which held (1) that the mark was not a grade mark merely, but a valid trademark; (2) that its use on sample cards amounted to trademark use, although it could not be affixed to the goods themselves; and (3) that the dealers were the first to use the mark, and therefore entitled to registration.

No. 478.　Patent Appeals.　Submitted March 19, 1908.　Decided April 14, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Brainard H. Warner, Jr,.* and *Mr. Levi Cooke* for the appellants.

*Mr. George H. Howard* and *Mr. Philip C. Peck* for the appellees.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an interference proceeding between rival applicants for the registration of [the word] "Eureka" as a trademark for press boards. These boards are sheets of heavy paper cardboard used by knitting mills in pressing and finishing their goods. A book is made by placing the goods upon a board; another board is placed thereon, which is covered by goods again. This process goes on until a book of proper size is made up to go between the plates of the hot press, where pressure and heat are applied. Where there is a high degree of heat, an extra high grade of board is necessary.

Case Brothers, the appellants, were manufacturers of press boards in New Jersey. Murphey & Company, the appellees, were engaged at Hudson, New York, as dealers in mill supplies, including press boards, and ordered their boards from

Case Brothers. In many instances the orders, when received, were followed by shipments directly to the customer. The bills were sent to Murphey & Company who paid them. The sales by the Case Brothers were to them, and not to their customers. Murphey & Company claim to have requested the manufacture of a very high-class board, to which they gave the name "Eureka." The name could not be affixed to the boards because the ink would come out in pressing and injure the pressed articles.

Murphey & Company filed their application for registration April 18, 1906, and Case Brothers applied May 22, 1906. The Examiner of Interferences denied registration to each party on the ground that Eureka had been adopted and used as a mark of grade or quality.

On appeal by both parties to the Commissioner, the latter held that Murphey & Company, were the first to use the mark, and that it was not a grade mark merely, but a valid trademark.

As the mark could not be affixed to the goods themselves, there was some doubt as to a trademark use, but, by reason of sample cards sent with packages by Murphey & Company, showing the name, the Commissioner was of the opinion that the acts of Murphey & Company amounted to a trademark use.

Whether the mark can be registered as a valid trademark, because of its character and use, is a question that is not before us on this appeal. Assuming, as found by the Commissioner, that it may be registered by the one entitled to its use, the sole question is as to the rights of the respective claimants.

The evidence in support of the claims of the parties has been fully and fairly reviewed by the Commissioner, and, agreeing with his conclusion, we see no occasion for its discussion.

If the mark was used in such a way as to constitute it a trademark, we think that the Commissioner was clearly right in holding that Murphey & Company had the superior right to register it.

The decision will therefore be affirmed; and this decision will be certified to the Commissioner of Patents. It is so ordered.                                            *Affirmed.*

An appeal and writ of error to the Supreme Court of the United States was denied June 16, 1908.